LEXOW et al. v. BELDING.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

TESTIMONY—INCONSISTENT LETTER—SUBSEQUENT LETTER—CORROBORATIVE OF
   TESTIMONY—ADMISSIBILITY.

   In an action against one of several associated underwriters, the issue
   was whether plaintiffs' attorneys at law had agreed to perform certain
   services for the underwriters for $300 received from each underwriter,
   or whether such sum was merely a retaining fee. One of the under-
   writers testified that one of the plaintiffs had stated in his presence
   that the $300 was to cover everything. Plaintiffs introduced a letter
   written by the witness to each of the underwriters, asking for $300
   as a "preliminary subscription" for legal fees, etc.; and defendant of-
   fered a letter from such witness to one of the underwriters, written the
   day after the other letter and after the statement of the plaintiffs, which
   letter stated the $300 would be in full for legal services. Held, that the
   latter letter was admissible, since the first letter might well be regarded
   as a declaration inconsistent with the testimony of the witness, and
   the latter letter was competent to qualify or explain the first.

   Goodrich, P. J., dissenting.

Appeal from trial term, Rockland county.

Action by Clarence Lexow and others against Milo M. Belding, Jr.
From a judgment for plaintiffs, and from an order denying a new trial,
defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

Isaac B. Potter, for appellant.
Arthur S. Tompkins, for respondents.

WILLARD BARTLETT, J. This action is brought to recover
the reasonable value of professional services rendered to the defendant
by the plaintiffs as attorneys and counselors at law. The defendant
was one of 15 fire insurance underwriters, doing business under the
name of the Lloyd's of New York City. These underwriters, having
determined to suspend business, employed the plaintiffs to act for them
in adjusting and settling their affairs. The principal question litigated
upon the trial was whether the plaintiffs agreed to perform the con-
templated services for $300 from each underwriter, or whether the sum
of $300 received from each was merely a retaining fee. Upon this
question there was a square dispute between Mr. Mackellar, one of
the plaintiffs, on the one hand, and the defendant and Mr. Douglas R.
Satterlee, on the other. Mr. Satterlee was one of the underwriters
and chairman of the committee which acted for them in this matter.
He was called as a witness for the defendant, and testified to an inter-
view with Mr. Mackellar, at which the defendant was also present, in
which Mr. Mackellar said, according to his recollection, that the pay-

ment of $300 was to cover everything coming to the plaintiffs except disbursements. Upon the cross-examination of Mr. Satterlee it appeared that he had caused to be written and sent to each of the underwriters a letter, of which the following is a copy or draft:

"New York, Sept. 9th, 1896.

"At a meeting this day of the committee appointed at a meeting of the subscribers to the Lloyd's, held on Sept. 8th, 1896, it was decided to call for a preliminary subscription of $300 from each subscriber, for the purpose of paying legal fees and other expenses which need immediate attention. You are requested, therefore, to forward a check for this amount at once to D. R. Satterlee, chairman, as these payments must be at once met for the benefit and protection of all subscribers.

"Yours, respectfully,    ————, Chairman.

"The counsel for the subscribers, Mess. Lexow, Mackellar & Wells, will continue in their interests."

This letter was offered in evidence by the plaintiffs, and received without objection. On further examination, Mr. Satterlee testified that immediately after the interview between himself and Mr. Mackellar, to which reference has already been made, he wrote the following letter to Messrs. Worthington, Smith & Co., who belong to the association of underwriters:

"New York, September 10, 1896.

"Messrs. Worthington, Smith & Co.—Dear Sirs: Yours of the 10th inst. is received, with inclosed your check for $300, which I have indorsed over, and sent to Lexow, Mackellar & Wells, and we will have them give you a receipt therefor. The arrangement with them is that for the $300 they will, as attorneys, give all necessary attention, in court and out, to protect your interest as a subscriber to the policies of the Lloyd's. This is not a retaining fee only, but in full payment of their services. The whole amount sent by you goes to them for their use in your defense.

"Yours, truly,    D. R. Satterlee, Chairman of Committee."

Counsel for the defendant offered this letter in evidence as explanatory of the foregoing letter of September 9, 1896, which had been offered by the plaintiffs. It was objected to as immaterial, irrelevant, incompetent, and hearsay, so far as the plaintiffs were concerned. The court overruled the objection, and received the letter. When the learned trial judge came to charge the jury, however, he concluded that this second letter was not admissible, and he struck it out, giving the defendant an exception, and instructed the jury that they were not to consider it at all.

It seems to me that this action was erroneous, and requires a reversal of the judgment. No doubt it is the general rule that a declaration made by a witness out of court, in corroboration of testimony given by him upon the trial, is inadmissible. Robb v. Hackley, 23 Wend. 50. If, therefore, this Satterlee letter had been offered simply to corroborate the testimony of the writer, given upon the trial, it should have been excluded. But I think the evidence was clearly competent for another purpose. By introducing the letter of September 9, 1896, in which Satterlee referred to the $300 as a "preliminary subscription," the plaintiffs sought to discredit the testimony of the witness to the effect that it was agreed in the interview with Mr. Mackellar that the $300 was to cover all of the expenses. That letter might well be regarded as a contemporaneous declaration inconsistent

with the testimony given by Mr. Satterlee on the stand. If such declaration, at or about the time it was made, was accompanied or immediately followed by another utterance of the same witness, which tended to limit, qualify, or explain it, the defendant was entitled to prove such utterance; and this he did by producing and putting in evidence the second letter, written the very next day, declaring that the $300, under the arrangement with the plaintiffs, was not only a retaining fee, but in full payment for their services. I think that the second letter, following the first one so closely in point of time, and relating to the same subject-matter, was properly admitted by the learned trial judge, and that it should not have been stricken out.

If this view is correct, it follows that the judgment should be reversed, and a new trial granted, costs to abide the event. All concur, except GOODRICH, P. J., who dissents.